. UNITED STATES (ANDREWS v.).    See Case No. 381.

# Case No. 14,456.

## UNITED STATES v. The ANN.

[Cited in U. S. v. Arnold, Case No. 14,469. Nowhere reported; opinion not now accessible.]

# Case No. 14,457.

## UNITED STATES v. The ANNA.

[2 Am. Law Reg. 421.]

District Court. D. Maryland. Feb., 1854.[1]

SHIPPING — PUBLIC REGULATIONS — FORFEITURE — ILLEGAL NUMBER OF PASSENGERS—INTENTION—PERSONAL LUGGAGE.

1. The limitation of two passengers for every five tons of a vessel's measurement, by the 1st and 2d sections of the passenger act of 1819 [3 Stat. 488], has been repealed by the 10th section of the act of 1848 [9 Stat. 220].

2. No conviction can be had under the passenger act of 1847 [9 Stat. 127], except where an illegal number of passengers has been taken on board at a foreign port, with the intention to bring them into the United States, and where such illegal number has been actually brought in; or where an illegal number has been taken on board at a port in the United States, with the intention to transport them to a foreign port. The mere intention to violate the law, formed in a foreign country, and not completed by the illegal importation, is insufficient.

if an exception or proviso be in a subsequent clause or statute (1 Term R. 320), or although in the same section, yet if it be not incorporated with the enacting clause by any words of reference (1 Barn. & Ald. 94), it is in that case matter of defence for the other party. and need not be negatived in the pleading (Matt. Dig. 275; Archb. Cr. Pl. 48. 3 Chit. Burn, Just. 456).

It is generally, but not always, sufficient, in an indictment for a misdemeanor created by statute, to describe the offence in the words of the statute. People v. Taylor. 3 Denio. 91. In an indictment for setting on foot a lottery. contrary to the statute. it is essential to specify the purpose for which the lottery was made; that being a part of the statute description of the offence. But a general statement of the purpose for which the lottery was made. is not enough. Some further description must be given where it is practicable to do so. Id.

There is no necessity to recite any public statute on which the indictment is founded; for the judges, ex officio. take notice of all public statutes. Dyer 155a; 2 Hawk. P. C. c. 25. § 100; 1 Saund. 153. note 3. But if it be recited with a material variance. and the indictment conclude "contrary to the form of the said statute." it will be fatal. though if it conclude generally, as, "contrary to the form of the statute in such case made and provided." without referring to the recited statute. the recital may be rejected as surplusage. 2 Hawk. P. C. c. 25. § 101; 6 Term R. 776. But the parts of a private act on which an indictment is framed, must be set out specially, as other facts. and a variance properly shown to the court will be fatal. 2 Hawk. P. C. c. 25. § 105. Neither the day on which a private statute was enacted, nor the title or preamble, need in any case be stated. But if set forth, it must be done with correctness, or, if the indictment conclude contrary to the statute aforesaid. the variance will be fatal. 1 Chit. Cr. Law, 277; Holt. 662; 2 Hawk. P. C. c. 25, § 106.

[1] [Affirmed in Case No. 14,458.]

3. In the determination of the liability of a vessel, under the passenger act of 1847, the court will be guided by her custom house measurement, which has been delivered by the surveyor of the port to the master or owner of the vessel, in preference to any subsequent measurement on the part of the government. ·

4. The term "personal luggage," in the act of 1847, only includes wearing apparel, bed and bedding of the passengers, required for their comfort and convenience of the voyage. and does not extend to furniture, stores, or other articles not necessary for their personal convenience.

5. The principles by which the court will be guided in the determination of the cases under the passenger act of 1847.

This was a libel filed by the district attorney of the United States, to enforce a forfeiture, under the acts of congress passed in relation to passenger vessels.

William Meade Addison, U. S. Dist. Atty.

Brown & Bume, for claimants.

GILES, District Judge. The case of U. S. v. The Anna, belonging to Bremen, has received the careful consideration of the court, since its adjournment. Its trial occupied the attention of the court for twelve days, and I do but justice to the learned counsel engaged in it, when I say. that the investigation has been conducted throughout. with a learning and ability, and an industry fully commensurate to the large amount depending on its issue, and the important interests connected with it. The barque Anna was seized by the collector of this port, on the 24th of December last, for an alleged violation of the acts of congress passed in reference to passenger vessels. She was claimed to be forfeited by the 2d section of the act passed 22d February. 1847. That section reads as follows: "That if the passengers so taken on board of such vessel. and brought into, or transported from the United States aforesaid, shall exceed the number limited by the last section to the number of twenty in the whole. such vessel shall be forfeited to the United States aforesaid. &c." The said barque was also claimed to be forfeited under the 2d section of the act of 1819, entitled "An act relating to passenger ships and vessels." and which act limited the number of passengers to be carried in any vessel to two for every five tons of the custom house measurement of such vessel. The seizure was regular. and no question has been raised in reference to it. The libel in this case was filed by the attorney for the United States. to enforce the forfeiture. And I understood him to contend, 1st. That the limitation of two passengers for every five tons of the vessel's measurement has never been repealed. 2dly. That the offence consists in taking on board. at a foreign port, more than the legal number of passengers, although the vessel may not bring more into this country than the legal number. 3dly. That the court must be guided in the investigation and determination of this case by the actual measurement of the barque. made since her last arrival here, by witnesses who